06-3081-cv
United States v. Flaherty

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2007

(Argued:  June 24, 2008                    Decided: August 19, 2008)


Docket No. 06-3081-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA, ex rel. MERGENT SERVICES and JOHN BAL,

    Plaintiff-Appellants,

        -   v.   -

MARIE FLAHERTY,

    Defendant-Appellee.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, MINER, and CABRANES, Circuit Judges.

    Appeal from a dismissal of a complaint in the United States District Court for the Southern District of New York (Harold Baer, Jr., Judge).  The pro se appellant brought a False Claims Act qui tam action.  Concluding that qui tam actions cannot be brought pro se, the district court dismissed the complaint.  We affirm.

                                    JOHN BAL, pro se.

                                    Marie Flaherty, pro se.

WINTER, Circuit Judge:

John Bal appeals from Judge Baer's dismissal of his complaint. The principal issue is whether private persons proceeding pro se may bring False Claims Act qui tam actions as relators for the United States. Because False Claims Act causes of action are not personal to relators, they are statutorily barred from bringing such actions pro se. Accordingly, we affirm.

BACKGROUND

We briefly summarize the relevant facts as they pertain to this appeal. On May 23, 2005, Bal, proceeding pro se, filed this action against Marie Flaherty on behalf of the United States, himself, and his company, Mergent Services. The amended complaint alleges that Flaherty failed to pay Bal for air purifying equipment that he provided to her. Flaherty then allegedly submitted a false receipt to New York State's Individual and Family Grant Program (Grant Program) in an effort to be reimbursed for costs she never incurred. The Grant Program, funded in part by the Federal Emergency Management Agency (FEMA), assisted New York residents with disaster-related needs following the attack on New York City on September 11, 2001. The complaint alleges that FEMA provided a $1,750 reimbursement to Flaherty as a result of her fraudulent scheme.

2

Alleging that Flaherty's conduct defrauded the federal government in violation of the False Claims Act, 31 U.S.C. § 3729 et seq., Bal brought this qui tam action as relator for the United States.[1]  His complaint also asserts other claims, including defamation, unlawful retaliation, and deceit.  The United States elected not to intervene.  See 31 U.S.C. § 3730.

Flaherty filed a motion to dismiss all counts, which the district court granted.  With respect to Bal's False Claims count, the court concluded that because Bal "is not an attorney . . . [he] is not qualified to represent the interests of the United States."  Accordingly, the court dismissed Bal's claim without prejudice.

On appeal, Bal initially sought review of the dismissal of all of the claims he asserted in the district court.  He has since consented to the dismissal of all claims except the one asserted under False Claims Act.  Thus, the propriety of the dismissal of his qui tam claim is the sole issue on appeal.

DISCUSSION

---

[1]The False Claims Act imposes civil liability upon "any person" who, inter alia, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval."  31 U.S.C. § 3729 (a).  A suit brought under the Act may be commenced by either the federal government or by a private person, or "relator," who sues for the United States in a qui tam action.  31 U.S.C. § 3730(a), (b)(1).

3

"We review a district court's grant of a motion to dismiss . . . de novo . . . ." Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 283 (2d Cir. 2005) (reviewing dismissal of a claim for failure to retain counsel); see Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (affording no deference to the district court's dismissal of an action for a litigant's failure to retain counsel).

Bal first argues that the district court erred because it dismissed his complaint without the consent of the Attorney General. Bal relies upon the provision of the False Claims Act that provides that qui tam actions "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). Similarly, Bal contends that the dismissal violated a district court order that noted that the court would solicit the consent of the United States before approving the dismissal, settlement, or discontinuation of the case. Bal argues that by dismissing the complaint, the district court "violated the United States' notice" of election not to intervene, which also requested that the action be dismissed only with the approval of the court and the Attorney General.

Bal's arguments are without merit. While the False Claims Act appears to bar dismissal of qui tam actions absent the Attorney General's consent, see 31 U.S.C. § 3730(b)(1), we have previously construed this provision to apply "only in cases where

4

a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal." Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990). Because the dismissal in this case came not as a result of a settlement, the district court did not err by neglecting to secure the Attorney General's consent. See id. at 104.

As to the claimed violations of the district court's June 22 order and the United States' notice of election not to intervene, Bal would have us read these literally as prohibiting any dismissal without the Attorney General's consent. To the contrary, the district court and the United States were contemplating the necessity of obtaining consent for a voluntary dismissal executed as part of settlement, and not for a contested dismissal. Even if the district court and the United States intended to prohibit any dismissal in the absence of the Attorney General's consent, the district court was free to modify this requirement because there is no such limitation required by law. See id.

Bal next argues that the district court erroneously concluded that pro se litigants cannot bring False Claim Act qui tam actions on behalf of the United States. Specifically, Bal suggests that courts should consider on a case-by-case basis whether a given layman is capable of pursuing a claim without counsel, taking into account developments in legal research technology that are now available to the general public.

Although the False Claims Act does not specifically address whether private parties may bring qui tam actions pro se, see 31 U.S.C. §§ 3729-33, we have previously suggested that they cannot, albeit in dicta. See Safir v. Blackwell, 579 F.2d 742, 745 n.4 (2d Cir. 1978) (positing that "a litigant cannot prosecute a qui tam action under [the Act] pro se"). Nevertheless, the proposition is a sound one. See also Phillips v. Tobin, 548 F.2d 408, 412 (2d Cir. 1976) (citing with approval cases in which other courts of appeals have concluded that a pro se plaintiff who is not a lawyer cannot bring a qui tam action under the Act).

The circumstances under which civil litigants may appear without counsel are limited by statute. Specifically, 28 U.S.C. § 1654 provides that in federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Because the statute permits parties only to "plead and conduct their own cases personally," id. (emphasis added), we have held that "an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)). That is, in order to proceed pro se, "[a] person must be litigating an interest personal to him." Iannaccone, 142 F.3d at 558 (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997)).

6

Decisions adhering to this principle abound in our case law. It is well established that a layman may not represent a corporation even if the sole shareholder. See Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (noting in dicta that "[s]ole shareholders of corporations are not allowed to represent such corporations pro se"). A non-lawyer general partner may not represent the partnership, see Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991), and a sole member of a solely-owned limited liability company may not represent it, see Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam). Similarly, we have held that a litigant may not appear pro se to pursue a claim that a corporation has assigned to him, see Niagara Frontier Transp. Auth., 722 F.2d at 23, or to bring a shareholder's derivative suit, see Phillips v. Tobin, 548 F.2d 408, 411-12 (2d Cir. 1976). Finally, we have held that a layman may not appear pro se on behalf of his minor child, see Cheung, 906 F.2d at 61.

These rulings not only are called for by the text of 28 U.S.C. § 1654, but also constitute good policy for both litigants and the courts. As we have noted,

> the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are

7

> awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, <u>e.g.</u>, to avoid litigating unfounded or vexatious claims.

<u>Niagara Frontier Transp. Auth.</u>, 722 F.2d at 22.

Turning to the present case, "the threshold question" is whether the False Claims Act action is Bal's "own case or one that belongs to another." <u>Iannaccone</u>, 142 F.3d at 558 (citing <u>Phillips</u>, 548 F.2d at 411 ("The basic question raised by [28 U.S.C. § 1654] is whether this stockholder's derivative suit is the plaintiff's 'own case' or is a suit belonging to the corporation.")). An action brought under the False Claims Act may be commenced in one of two ways. First, the federal government itself may bring a civil action against a defendant. 31 U.S.C. § 3730(a). Second, as is the case here, a private person, or "relator" may bring a <u>qui tam</u> action "for the person and for the United States Government," against the defendant, "in the name of the Government." <u>Id.</u> § 3730(b)(1). Under such circumstances, the government may elect to intervene, and if it recovers a judgment, the relator receives a percentage of the award. <u>See</u> <u>id.</u> § 3730(d)(1). If the government declines to intervene, the relator may pursue the action and may receive as much as 30 percent of any judgment rendered. <u>See</u> <u>id.</u> § 3730(d)(2).

8

While relators indisputably have a stake in the outcome of False Claims Act qui tam cases that they initiate, "the Government remains the real party in interest in any such action." Minotti, 895 F.2d at 104; see United States ex rel. Kreindler & Kreindler v. United Techs. Corp., 985 F.2d 1148, 1154 (2d Cir. 1993). As we have explained:

> All of the acts that make a person liable under [the False Claims Act] focus on the use of fraud to secure payment from the government. It is the government that has been injured by the presentation of such claims; it is in the government's name that the action must be brought; it is the government's injury that provides the measure for the damages that are to be trebled; and it is the government that must receive the lion's share -- at least 70% -- of any recovery.

United States ex rel. Stevens v. Vt. Agency of Natural Res., 162 F.3d 195, 202 (2d Cir. 1998), rev'd on other grounds, 529 U.S. 765 (2000). In considering the issue of relator standing, the Supreme Court determined that a relator's interest in a qui tam suit is one as the "partial assignee" of the claims of the United States but observed that the injury, and therefore, the right to bring the claim belongs to the United States. See Vermont Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 774-75 (2000). In short, while the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States. See id; cf. 31 U.S.C. § 3730(c)(5) (providing that as an alternative to bringing a civil suit, "the

9

Government may elect to pursue <u>its</u> <u>claim</u> through any alternate remedy available to the Government") (emphasis added). Accordingly, as the United States "remains the real party in interest" in <u>qui</u> <u>tam</u> actions, <u>Minotti</u>, 895 F.2d at 104, the case, albeit controlled and litigated by the relator, is not the relator's "own case" as required by 28 U.S.C. § 1654, nor one in which he has "an interest personal to him." <u>Iannaccone</u>, 142 F.3d at 558. Because relators lack a personal interest in False Claims Act <u>qui</u> <u>tam</u> actions, we conclude that they are not entitled to proceed <u>pro</u> <u>se</u>. See <u>id.</u>; 28 U.S.C. § 1654.

Our holding is in accord with all of the circuits that have considered the issue. See <u>Timson v. Sampson</u>, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam); <u>Stoner v. Santa Clara County Office of Educ.</u>, 502 F.3d 1116, 1126-28 (9th Cir. 2007); <u>United States ex rel. Lu v. Ou</u>, 368 F.3d 773, 775-76 (7th Cir. 2004); <u>United States v. Onan</u>, 190 F.2d 1, 6-7 (8th Cir. 1951).[2] While we reach this conclusion as a matter of statutory construction, we are also sympathetic to some of the other concerns voiced by these courts, in particular that the United States might become

---

[2]The Supreme Court's recent decision in <u>Winkelman v. Parm City School District</u>, 127 S.Ct. 1994 (2007) (permitting parents to bring suit <u>pro</u> <u>se</u> under the IDEA) is not to the contrary. <u>Winkelman</u> reaffirmed the rights of parents, who have rights under the IDEA distinct from those afforded their children, to assert their own interest <u>pro</u> <u>se</u>. See <u>Stoner</u>, 502 F.3d at 1127 (rejecting the application of <u>Winkelman</u> to the FCA's <u>qui</u> <u>tam</u> provision). As we noted above, Bal does not have a personal interest in this suit.

bound by <u>res</u> <u>judicata</u> or collateral estoppel as a result of the actions of a <u>pro</u> <u>se</u> in bringing and losing a <u>qui</u> <u>tam</u> action. <u>See</u> <u>Stoner</u>, 502 F.3d at 1126-27. This concern serves only to bolster our belief that "Congress could [not] have intended to authorize a layman to carry on such suit as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself." <u>Onan</u>, 190 F.2d at 6.[3]

## CONCLUSION

For the reasons discussed above, we affirm.

---

[3]Bal also argues that because the Government failed to object to Bal's bringing this case and has explicitly stated that it "is not a party" to this action, the United States has constructively consented to Bal prosecuting this claim <u>pro</u> <u>se</u>. We fail to see how either the United States' consent or its status as a non-party is material. The general rule of 28 U.S.C. § 1654 is that <u>pro</u> <u>se</u> litigants can only bring claims personal to them. <u>See</u> <u>Iannaccone</u>, 142 F.3d at 558. The statute contains no exception for instances in which a real party in interest either consents to representation by a layman or fails to join an action as a party. <u>See</u> 28 U.S.C. § 1654. Bal's argument is therefore without merit.