08-5745-cv
West v. Timex Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

————————————————————————————

J. Richard West, individually, USA ex rel.,

> *Plaintiff-Appellant*,

> v.                                                         08-5745-cv

Timex Corporation,

> *Defendant-Appellee*.

————————————————————————————

1

FOR APPELLANT:     Lewis H. Chimes, (Nina T. Pirrotti, *on the brief*); Garrison, Levin-Epstein, Chimes, Richardson & Fitzgerald, P.C.; New Haven, Connecticut.

FOR APPELLEE:      J. Christopher Rooney, (Lee Friend Lizotte, Anne D. Peterson, *on the brief*); Carmody & Torrance LLP; New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant West appeals from the district court's November 17, 2008 grant of judgment as a matter of law for Timex with respect to West's claims under (1) the False Claims Act ("FCA") for false billing and retaliation and (2) Connecticut General Statute § 31-51q for the retaliatory termination of his employment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review *de novo* a grant of a Rule 50 judgment as a matter of law, drawing all inferences in favor of the nonmoving party. *Runner v. N.Y. Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009). Evidentiary rulings are reviewed under an abuse of discretion standard. *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009).

Under 31 U.S.C. § 3729(a)(1), in effect when West filed his complaint, the FCA imposed liability if the defendant "'knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval.'" *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 91 n.1 (2d Cir. 2008) (quoting 31 U.S.C. § 3729(a)(2006)). The crux of West's claim is that Timex and the Army and Air Force Exchange Service ("AAFES") had a contract with a "most favored customer" ("MFC") clause, requiring

2

Timex to provide AAFES a net price for Timex products equal to, or better than, any price given to another Timex customer, and that Timex breached that contract provision in offering Walmart a net price better than the one offered to AAFES.

We agree with the district court that West was unable to produce sufficient evidence to permit a jury to infer the existence of a contract between AAFES and Timex containing an MFC clause. The draft contract upon which West relied specified material conditions precedent to the contract becoming effective, and West failed to demonstrate that those conditions were fulfilled. For example, the draft contract states that the contract is not effective until Timex and AAFES "negotiate all 'vendor-specific terms' such as accepted items, prices." West presented no evidence that the parties reached agreement on these terms. Without demonstrating that Timex and AAFES had a contract containing the MFC clause, West's FCA claim for false billing necessarily fails. Like the district court, we need not, and therefore do not, decide whether West could show the remaining elements of an FCA claim, specifically whether AAFES was a government entity that paid Timex with government monies.

The success of West's retaliation claims, under both the FCA and Connecticut state law, hinges upon a showing that he was terminated because he raised concerns with his supervisors concerning disparate net pricing between Walmart and AAFES in violation of the MFC provision in the contract between Timex and AAFES. *See* 31 U.S.C. § 3730(h); Conn. Gen. Stat. § 31-51q; *O'Connor v. Pierson*, 568 F.3d 64, 67 (2d Cir. 2009) (explaining the Connecticut statute "prohibits employers from disciplining or discharging employees in retaliation for exercising their right to free speech"). While West did express concerns about the pricing of sales to Walmart, nothing submitted into evidence demonstrated under either the FCA or Connecticut state law that West was

3

terminated because of these statements. West relies solely on the fact that the decision to discharge him came approximately a week following his final complaint. However, his final complaint came after a year of similar complaints, and Timex offered evidence that his termination was pursuant to a general restructuring. The evidence could not support a reasonable jury finding that his dismissal was retaliatory.

Accordingly, the judgment of the district court is **AFFIRMED.**


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk