**Vesko Borislavov ANANIEV, Appellant,**

v.

**Steven FREITAS, in his Official and Private Capacity, also known as Steve Freitas, et al., Appellees.**

**No. 14–7074.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 30, 2014.

Vesko Borislavov Ananiev Santa Rosa, CA, pro se.

Before: ROGERS, KAVANAUGH, and SRINIVASAN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed April 11, 2014, be affirmed. The district court properly concluded that appellant failed to state a claim for a violation of the National Mortgage Settlement Consent Judgment, as appellant was not a party to that judgment, and the judgment does not provide a private right of action for third parties. *Cf. Rafferty v. NYNEX Corp.,* 60 F.3d 844, 849 (D.C.Cir.1995) ("Unless a government consent decree stipulates that it may be enforced by a third party beneficiary, only

the parties to the decree can seek enforcement of it."). The district court also correctly held that pro se plaintiffs, such as appellant, may not file a qui tam action pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq. *See Jones v. Jindal,* 409 Fed.Appx. 356 (D.C.Cir.2011); *Stevens v. Dept. of Health and Human Servs.,* 377 Fed.Appx. 16 (D.C.Cir.2010). In addition, appellant has forfeited any challenge to the dismissal of his Fourth Amendment claim by not addressing it on appeal. *See United States ex rel. Totten v. Bombardier Corp.,* 380 F.3d 488, 497 (D.C.Cir.2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

Finally, the district court correctly concluded that the claims for fraud, violations of the Fair Debt Collection Practices Act, intentional infliction of emotional distress, violations of appellant's due process rights, and violations of 42 U.S.C. §§ 1983, 1985, and 1986 are barred by res judicata. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). It is well-established that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). "Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts." *Drake v. FAA,* 291 F.3d 59, 66 (D.C.Cir.2002) (internal quotation omitted). Appellant, however, does not dispute that this case and his prior cases share the same nucleus of facts. Although this case raises claims against the Sonoma County Sheriff's Department, Steven Freitas, and Kathryn Straley, who were not named in the prior cases, appellant has not raised any argument that the district court erred in concluding that they are in privity with the other appellees. And to the extent appellant's claims are based on these appellees' involvement in the eviction process, such claims necessarily fail because res judicata precludes appellant from challenging the underlying foreclosure proceedings. *See Ananiev v. Aurora Loan Servs.,* 2012 WL 4099568 (N.D.Cal. Sept.17, 2012); *Ananiev v. Aurora Loan Servs.,* 2012 WL 2838689 (N.D.Cal. July 10, 2012).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.