■ Certain Underwriters at Lloyd's London Subscribing to Policy No. QK0903325, Appellant, v Huron Consulting Group, Inc., et al., Respondents. [8 NYS3d 302]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 3, 2014, awarding defendants $2,685,505.49 in defense costs, and bringing up for review an order, same court and Justice, entered May 16, 2014, which granted defendants' cross motion for summary judgment declaring that plaintiff was obliged to pay their defense costs in the underlying action, and denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, the cross motion denied, the motion granted, and judgment entered in favor of plaintiff declaring that plaintiff is not obliged to pay defendants' defense costs in the underlying action. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, a professional liability insurer, commenced this declaratory judgment action, seeking a declaration that it had no duty to defend its policy holder, defendants, in a qui tam lawsuit. The lawsuit alleged that defendants had violated the Federal False Claim Act and the New York False Claims Act in connection with excessive Medicare and Medicaid billing.

We agree with plaintiff that its motion for summary judgment declaring that it was not obliged to pay defendants' defense costs in the underlying action should have been granted pursuant to "Exclusion N" of the professional liability policy. "Exclusion N" denies coverage for any "Damage, Penalties or Claim in connection with or resulting from any claim, or to any Privacy Notification Costs": "Brought by or on behalf of the Federal Trade Commission, the Federal Communications Commission, or any federal, state, local or foreign governmental entity, in such entity's regulatory or official capacity."

The motion court incorrectly determined that the "Exclusion N" was inapplicable because the underlying qui tam lawsuit was brought by a private party, not a governmental entity operating in an official or regulatory capacity. An action brought under the False Claims Act may be commenced in one of two ways. First, the federal government itself may bring a civil action against a defendant (31 USC § 3730 [a]). Second, as is the case here, a private person, or "relator" may bring a qui tam action "for the person and for the United States Government," against the defendant, "in the name of the Government" (*id.* at [b] [1]). Under such circumstances, the government may elect to intervene, and if it recovers a judgment, the relator receives a percentage of the award (*id.* at [d] [1]). If the govern-

ment declines to intervene, as in the case here, the relator may pursue the action and may receive as much as 30% of any judgment rendered (*see id.* at [d] [2]).

While relators indisputably have a stake in the outcome of False Claims Act qui tam cases that they initiate, "the Government remains the real party in interest in any such action" (*see United States ex rel. Mergent Servs. v Flaherty*, 540 F3d 89, 93-94 [2d Cir 2008], quoting *Minotti v Lensink*, 895 F2d 100, 104 [2d Cir 1990]; *see also United States ex rel. Kreindler & Kreindler v United Tech. Corp.*, 985 F2d 1148, 1154 [2d Cir 1993], *cert denied* 508 US 973 [1993]). As the Second Circuit has explained: "All of the acts that make a person liable under [the False Claims Act] focus on the use of fraud to secure payment from the government. It is the government that has been injured by the presentation of such claims; it is in the government's name that the action must be brought; it is the government's injury that provides the measure for the damages that are to be trebled; and it is the government that must receive the lion's share—at least 70%—of any recovery." (*United States ex rel. Stevens v State of Vt. Agency of Natural Resources*, 162 F3d 195, 202 [2d Cir 1998], *revd on other grounds* 529 US 765 [2000]).

Moreover, in considering the issue of relator standing, the Supreme Court of the United States has determined that a relator's interest in a qui tam suit is one as the "partial assignee" of the claims of the United States, but it has observed that the injury, and therefore, the right to bring the claim belongs to the United States (*see e.g. Vermont Agency of Natural Resources v United States ex rel. Stevens*, 529 US 765, 773-777 [2000]). In short, while the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States (*id.*).

Because the United States is the real party in interest in a qui tam action under the False Claims Act, the "Exclusion N" bars coverage for the underlying action. In light of our determination, the parties' remaining contentions need not be addressed. Concur—Sweeny, J.P., Renwick, Andrias, DeGrasse and Gische, JJ.