**Erik SEGELSTROM and Cathie M. Hamer, Appellants,**

v.

**CITIBANK, N.A., et al., Appellees.**

**No. 14–7208.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 18, 2015.

Erik Segelstrom, Gualala, CA, pro se.

Cathie M. Hamer, Gualala, CA, pro se.

Tessa Laspia, Frederick Miles & Stockbridge, PC, Baltimore, MD, Richard E. Hagerty, Billy B. Ruhling, Troutman Sanders, LLP, Tysons Corner, VA, Dennis Kyle Deak, Troutman Sanders, LLP, Raleigh, NC, for Appellees.

Before TATEL, SRINIVASAN, and PILLARD, Circuit Judges.

### *JUDGMENT*

PER CURIUM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed November 21, 2014, be affirmed. The district court properly concluded that appellants failed to state a claim for a violation of the consent judgment, as appellants were not parties to that judgment, and the judgment does not provide a private right of action for third parties. *Cf. Rafferty v. NYNEX Corp.,* 60 F.3d 844, 849 (D.C.Cir.1995) ("Unless a government consent decree stipulates that it may be enforced by a third party beneficiary, only the parties to the judgment can seek enforcement of it."). The district court also correctly held that pro se plaintiffs, such as appellants, may not file a qui tam action pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq. *See Ananiev v. Freitas,* 587 Fed. Appx. 661 (D.C.Cir.2014); *see also United States ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 93 (2d Cir.2008) ("the United States remains the real party in interest in qui tam actions," and "[b]ecause relators

lack a personal interest in False Claims Act qui tam actions, we conclude that they are not entitled to proceed pro se"). Appellants have identified no error in the district court's disposition of appellants' claims under California law, which does not require a foreclosing party to have a beneficial interest in or physical possession of the note. *See McNeil v. Wells Fargo Bank, N.A.,* 2014 WL 2967629 (N.D.Cal. 2014). Nor have appellants identified any state action underlying their due process claim. *See N.B. ex rel. Peacock v. District of Columbia,* 794 F.3d 31 (D.C.Cir.2015) ("due process offers no shield against purely private conduct"). To the extent appellants are challenging the district judge's denial of their recusal motion, they have not shown the decision was an abuse of discretion. *See United States v. Bostick,* 791 F.3d 127, 155 (D.C.Cir.2015). Moreover, appellants' remaining claims, including claims against defendants other than Citibank and Nationstar, are forfeited, as they are either beyond the scope of the notice of appeal or not clearly raised in the brief. *See* Fed. R.App. P. 3(c)(1)(B) (providing that the notice of appeal must "designate the judgment, order, or part thereof being appealed"); *Bd. of Regents of the Univ. of Wash. v. EPA,* 86 F.3d 1214, 1221 (D.C.Cir.1996) (noting that arguments not clearly raised in a party's opening brief are generally considered to be forfeited).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.