*Chailla v. Navient Department of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand nineteen.

PRESENT:
>AMALYA L. KEARSE,
>JOHN M. WALKER, JR.,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

Florence R. Parker Chailla, Relator, USA, U.S. Department of Education, Federal Trade Commission, Consumer Financial Protection Bureau, U.S. Treasury Department, Internal Revenue Service, States of California, Connecticut, Florida and New York,

>*Plaintiffs-Appellant*,

>v.                                                        17-3812

Navient Department of Education; United States Department of Education; Navient, (Sallie Mae); Michele Ahmad, Navient; Navient Consumer Advocate Education Management Corporation; Education Management Holdings LLC; Educational Credit Management Corp, Inc.; Pam Esaw, ECMC Resolution Advocate; Melanie Engberg, Navient's Assistant Vice President, Compliance Department and Student Assistance Foundation, collectively as "the Enterprise";

**AlliedInterstate; TransWorld Inc.,; LLC Account Control Technologies, Inc., collectively as "the Agencies"; New York College of Health Professions, RezenAkpnar; Steve Haffner; Pacific College of Oriental Medicine; Atlantic Institute of Oriental Medicine; Canadian College of Naturopathic Medicine; Laura Sun, Financial Aid Representative of CCNM and University of Bridgeport College of Naturopathic Medicine; John Doe, Academic Board Director; Professor Gaulton; Dr. Zamprino, collectively as 'University of Bridgeport College of Naturopathic Medicine & Academic Board' and all Academic Institutions as 'Al,' New England Association of Schools and Colleges; Commission on Institutions of Higher Education; Carol Anderson, personally and professionally; Barbara Brittingham, personally and professionally; National Accrediting Agency for Clinical Laboratory Sciences; Gwen James-Oriaikhi, personally and professionally,**

*Defendants-Appellees*.[1]

_____

FOR PLAINTIFF-APPELLANT:                    Florence R. Parker Chailla,
                                            *pro se*, Stroudsburg, PA.

FOR DEFENDANTS-APPELLEES:                    No appearance.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Florence Parker Chailla, proceeding *pro se*, brought this *qui tam* action on behalf of the United States and California, Connecticut, Florida, and New York under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq.   The district court dismissed the action because she failed

_____

1 The Clerk of Court is respectfully directed to amend the caption as set forth above.

to obtain counsel, and Chailla appeals. Chailla also moves in this Court for leave to file under seal, to file an oversize brief, to amend the caption, and for injunctive relief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of an action for failure to retain counsel *de novo*. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 91 (2d Cir. 2008) (reviewing grant of a motion to dismiss for failure to retain counsel); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (affording no deference to a court's *sua sponte* dismissal of an action for failure to retain counsel). The FCA provides a cause of action against anyone who knowingly submits a false or fraudulent claim for payment to the federal government. The government may bring an FCA action, or a private citizen, known as a "relator," may bring a *qui tam* action. 31 U.S.C. § 3730(a), (b). Such an action is brought "for the person and for the United States Government," and "in the name of the Government." *Id.* § 3730(b).

The right to appear *pro se* in civil litigation in federal court is guaranteed by 28 U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally or by counsel." However, a person who is not an attorney and is not represented by an attorney "may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("A person [proceeding *pro se*] must be litigating an interest personal to him."). In *Mergent Services*, this Court held that a non-attorney relator in an FCA *qui tam* action cannot proceed *pro se* because, since "the United States remains the real party in interest in *qui tam* actions, the case, albeit controlled and litigated by the relator, is not the relator's own case as required by 28 U.S.C. § 1654, nor one in which he has an interest personal to him." 540 F.3d at

3

93 (internal quotation marks and citation omitted).   The record lacks any indication that Chailla herself is an attorney admitted to the practice of law.   The district court therefore did not err in dismissing this action after Chailla failed to retain counsel, despite being granted ample opportunity to do so.   Although Chailla argues on appeal that appointment of counsel was warranted, Chailla did not move for appointment of counsel in the district court, and the court was not required to *sua sponte* appoint counsel.

Chailla argues that the district court erred in dismissing the action without the Government's written consent.   We disagree.   Although the FCA provides that a *qui tam* action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting," 31 U.S.C. § 3730(b)(1), this provision "applies only in cases where a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal," *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990).

Chailla's remaining arguments are also unavailing.   She claims that the district court was biased against her and that the judge should have recused himself.   Contrary to her assertion on appeal, however, the court's decisions were adequately explained, and the timing of the court's decisions does not suggest bias.   The court's adverse rulings also do not establish judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").   Next, Chailla argues that the defendants are liable to her for Hobbs Act and RICO violations, but she did not raise these claims in her amended complaint, and there is no basis for this Court to consider these claims for the first time on appeal.   *See In re Petrobras Sec. Litig*., Nos. 18-2120 et al., 2019 WL 4127327, at *2 (2d Cir.

4

Aug. 30, 2019) (stating that we do "not permit a party to raise an entirely new claim on appeal"). Finally, Chailla's arguments regarding mootness, sovereign immunity, and timeliness are inapposite because the district court dismissed this action solely based on her failure to retain counsel.

We deny Chailla's motions for leave to file under seal, to file an oversize brief, to amend the caption, and for injunctive relief. Contrary to Chailla's contention, the FCA does not require that her filings remain under seal. *See* 31 U.S.C. § 3730(b)(2) (requiring only that the complaint in an FCA *qui tam a*ction be filed under seal for a period of at least 60 days). Her motion to file an oversize brief is moot because she filed a brief that is not oversize; her motion to amend the caption to include the U.S. Department of Education as a defendant is moot because it is already a defendant in this action; and her request for injunctive relief is moot in light of our decision to affirm the judgment.

We have considered all of Chailla's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** the motions for leave to file under seal, to file an oversize brief, to amend the caption, and for injunctive relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5