19-2947-cv
*United States of America ex rel. Borzilleri v. AbbVie Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty.

PRESENT:    BARRINGTON D. PARKER
            DENNY CHIN,
                    *Circuit Judges*,
            JANE A. RESTANI,
                    *Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA ex rel. JOHN
R. BORZILLERI, M.D., DISTRICT OF
COLUMBIA ex rel. JOHN R. BORZILLERI,
M.D., STATE OF MARYLAND ex rel. JOHN R.
BORZILLERI, M.D., STATE OF TENNESSEE
ex rel. JOHN R. BORZILLERI, M.D., STATE OF
NORTH CAROLINA ex rel. JOHN R.
BORZILLERI, M.D., STATE OF
WASHINGTON ex rel. JOHN R. BORZILLERI,
STATE OF HAWAII ex rel. JOHN R.
BORZILLERI, STATE OF RHODE ISLAND ex

---

\*        Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

rel. JOHN R. BORZILLIERI, M.D., STATE OF MONTANA ex rel. JOHN R. BORZILLERI, M.D., STATE OF CONNECTICUT ex rel. JOHN R. BORZILLERI, M.D., STATE OF OKLAHOMA ex rel. JOHN R. BORZILLERI, STATE OF MINNESOTA ex reL. JOHN R. BORZILLERI, M.D., STATE OF COLORADO ex rel. JOHN R. BORZILLERI, STATE OF TEXAS ex rel. JOHN R. BORZILLERI, M.D., STATE OF WISCONSIN ex rel. JOHN R. BORZILLERI, M.D., STATE OF NEW YORK ex rel. JOHN R. BORZILLERI, M.D., STATE OF NEW MEXICO ex rel. JOHN R. BORZILLERI, STATE OF VIRGINIA ex rel. JOHN R. BORZILLERI, M.D., STATE OF MICHIGAN ex rel. JOHN R. BORZILLERI, M.D., STATE OF NEW HAMPSHIRE ex rel. JOHN R. BORZILLERI, M.D., STATE OF MASSACHUSETTS ex rel. JOHN R. BORZILLERI, M.D., STATE OF NEVADA ex rel. JOHN R. BORZILLERI, M.D., STATE OF IOWA ex rel. JOHN R. BORZILLERI, M.D., STATE OF DELAWARE ex rel. JOHN R. BORZILLERI, M.D., STATE OF CALIFORNIA ex rel. JOHN R. BORZILLERI, M.D., STATE OF INDIANA ex rel. JOHN R. BORZILLERI, M.D., STATE OF ILLINOIS ex rel. JOHN R. BORZILLERI, M.D., STATE OF LOUISIANA ex rel. JOHN R. BORZILLERI, M.D., STATE OF NEW JERSEY ex rel. JOHN R. BORZILLERI, M.D., STATE OF GEORGIA ex rel. JOHN R. BORZILLERI, M.D., STATE OF Florida ex rel. JOHN R. BORZILLERI, M.D., COMMONWEALTH OF MASSACHUSETTS ex rel. JOHN R. BORZILLERI, M.D., COMMONWEALTH OF VIRGINIA ex rel. JOHN R. BORZILLERI, M.D.,

*Plaintiffs-Appellants*,

-v-                                                                    19-2947-cv

-2-

ABBVIE, INC., AMGEN, INC., BRISTOL-
MYERS SQUIBB COMPANY, ELI LILLY AND
COMPANY, NOVARTIS
PHARMACEUTICALS COMPANY, PFIZER,
INC., SANOFIAVENTIS U.S. LLC, AETNA,
INC., CIGNA CORPORATION, CVS HEALTH
CORPORATION, EXPRESS SCRIPTS
HOLDING COMPANY, HUMANA, INC., and
UNITEDHEALTH GROUP, INC.,

*Defendants-Appellees*.

and

UNITED STATES OF AMERICA,

*Appellee*.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR RELATOR: MARY ANN H. SMITH, Idaho Falls, Idaho.

FOR DEFENDANTS-APPELLEES: DANIEL MERON (Michael Clemente, *on the brief*), Latham & Watkins LLP, Washington, DC, *and* Michael G. McGovern, Ropes & Gray LLP, New York, New York; Enu Mainigi, Sarah Lochner O'Connor, Matthew Greer, Williams & Connolly LLP, Washington, DC; David S. Rosenbloom, McDermott Will & Emery LLP, Chicago, Illinois; Jessica L. Ellsworth, Hogan Lovells US LLP, Washington, DC; Aaron F. Jaroff, McGuireWoods LLP, New York, New York; Matthew A. Fitzgerald, McGuireWoods LLP, Richmond, Virginia; Glenn C. Colton, Arent Fox LLP, New York, New York; Michael F. Dearington, Arent Fox LLP, Washington, DC; Michael A. Rogoff, Arnold & Porter Kaye Scholer LLP, New York, New York; Rajeev Muttreja, Jones Day, New York, New York; *and*

**     The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

Andrew J. Hoffman, DLA Piper LLP (US), Los Angeles, California, *on the brief*.

FOR APPELLEE: CHARLES S. JACOB, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, Jr., United States Attorney for the Southern District of New York, New York, New York.

FOR AMICUS CURIAE: Jeffrey S. Bucholtz, Jeremy M. Bylund, King & Spalding LLP, Washington, DC, *and* Steven P. Lehotsky, Tara S. Morrissey, U.S. Chamber Litigation Center, Inc., Washington, DC, for United States Chamber of Commerce.

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Dr. John R. Borzilleri, serving as qui tam relator, appeals from a judgment of the United States District Court for the Southern District of New York entered July 17, 2019 dismissing his claims. By memorandum opinion and order entered July 16, 2019, the district court granted the government's motion to dismiss this action brought pursuant to the False Claims Act (the "FCA"), 31 U.S.C. § 3729 et seq., and state law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

-4-

Borzilleri alleges that defendants-appellees -- various drug manufacturers and pharmacy benefit managers ("PBMs") -- schemed to defraud Medicare Part D, a federal prescription-drug program, in violation of the FCA and state law, through the manufacturers' practice of paying to the PBMs kickback payments disguised as service fees. From early 2016 to March 2018, the government investigated Borzilleri's allegations.

In March 2018, the government declined to intervene in this case. On December 21, 2018, the government moved to dismiss the case pursuant to § 3730(c)(2)(A) of the FCA, citing three grounds: (1) the case would likely require significant expenditure of government resources; (2) the relator's claims were unlikely to result in any material recovery for the United States; and (3) the relator was not an appropriate advocate for the government. The district court granted the government's motion, dismissing his claims under the FCA with prejudice and state law claims without prejudice.

The FCA permits relators to bring suit "in the name of the Government" against those who knowingly defraud the United States. 31 U.S.C. § 3730(b)(1). After such a qui tam action is filed, the government may intervene in and litigate the case. *Id*. § 3730(b)(2). If the government declines to intervene, the relator may conduct the litigation, although "the Government remains the real party in interest in any such action." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008)

(internal quotation marks omitted). In most relevant part, the FCA also provides that the government "may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A).

The FCA is silent as to what standard applies to a government's decision to dismiss a qui tam action. Courts of appeals are split on this question. The Ninth and Tenth Circuits have adopted a two-step analysis: the government must demonstrate a "valid government purpose" for dismissal and "a rational relation between dismissal and accomplishment of [that] purpose." *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.* ("*Sequoia*"), 151 F.3d 1139, 1145 (9th Cir. 1998) (internal quotation marks omitted); *accord Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 936 (10th Cir. 2005). The D.C. Circuit has adopted a less stringent standard, holding that the government's right to dismiss a relator's action is "unfettered." *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003) ("We hesitate to adopt the *Sequoia* test . . . [D]ecisions not to prosecute, which is what the government's judgment in this case amounts to, are unreviewable."); *see also Hoyte ex rel. United States v. Am. Nat'l Red Cross*, 518 F.3d 61, 65 n. 4 (D.C. Cir. 2008). We review a district court's grant of a motion to dismiss a qui tam action *de novo*. *See United States v. Quest Diagnostics Inc.*, 734 F.3d 154, 163 (2d Cir. 2013).

As the district court noted, we have not previously adopted either the *Sequoia* or *Swift* standard of review. Like the district court, we do not decide which standard should govern, as the relator fails even the more stringent *Sequoia* standard.[1] The government has articulated a valid government purpose for seeking dismissal: to avoid the costs and burdens of further investigation so that it may expend its finite resources elsewhere. *See Sequoia*, 151 F.3d at 1146 ("[T]he government can legitimately consider the burden imposed on the taxpayers by its litigation[;] . . . even if the relators were to litigate the FCA claims, the government would continue to incur enormous internal staff costs."); *Swift*, 318 F.3d at 254 ("[T]he government's goal of minimizing its expenses is . . . a legitimate objective, and dismissal of the suit furthered that objective."); *Chang v. Child. Advoc. Ctr. of Delaware Weih Steve Chang*, 938 F.3d 384, 387 (3d Cir. 2019) ("[T]he government has an interest in minimizing unnecessary or burdensome litigation costs" and "dismissing a case is, of course, the easiest way to achieve that objective."). The district court concluded that the government's investigations into the relator's claims were "lengthy, costly, and substantial," and spanned across "years and multiple offices and agencies." S. App'x at 5.

---

[1] We have previously cited *Sequoia* in dicta, noting that we need not determine whether the government's decision to dismiss is reasonable, but only that it is supported by a valid governmental purpose that is not arbitrary or irrational and has some rational relation to the dismissal. *See U.S. ex rel. Stevens v. State of Vt. Agency of Nat. Res.*, 162 F.3d 195, 201 (2d Cir. 1998), *rev'd on other grounds*, 529 U.S. 765 (2000).

Once the government satisfies the first step of the *Sequoia* standard, the burden shifts to the relator to show that the dismissal is "fraudulent, arbitrary and capricious, or illegal." *Sequoia*, 151 F.3d at 1145. Here, the relator has failed to make a colorable showing that the government's dismissal was fraudulent, arbitrary and capricious, or illegal.

The relator argues that the district court erred by failing to provide him an evidentiary hearing. The plain language of the FCA provides a relator an "opportunity for a hearing" when the government moves to dismiss. 31 U.S.C. § 3730(c)(2)(A). The Ninth and Tenth Circuits have cited a 1986 Senate committee report which explained that a hearing is to be granted if the relator presents a "colorable claim" that the dismissal is unreasonable in light of existing evidence. *Sequoia*, 151 F.3d at 1145; *Ridenour*, 397 F.3d at 931 ("These hearings . . . are only to be granted if relators can show a 'substantial and particularized need for a hearing.'") (citing S. Rep. No. 99-345, at 26 (1986)). The relator failed to present a colorable claim here that the government's dismissal was unreasonable, and the district court provided the relator an opportunity to be heard as it considered the parties' briefing on the issue. In these circumstances, the district court did not abuse its discretion in declining to hold an evidentiary hearing.

\* \* \*

We have considered the relator's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk