**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 20-2386
_____

ZOE AJJAHNON,

Appellant

v.

ST. JOSEPH'S UNIVERSITY MEDICAL CENTER;
RWJ BARNABAS HEALTH, INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-16990)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2020

Before:  AMBRO, BIBAS and PORTER, Circuit Judges

(Opinion filed:  December 28, 2020)

_____

OPINION[*]

_____

PER CURIAM

Appellant Zoe Ajjahnon filed a complaint against two healthcare providers in which she brought a qui tam action under the False Claims Act and a civil rights claim under 42 U.S.C. § 1983, alleging that they violated her due process rights with bogus diagnoses and were part of a scheme "to falsify billing claims to government funded healthcare programs."[1]  Specifically, Ajjahnon alleged that she was taken to St. Joseph's Medical Center after police responded to a call in which Ajjahnon's mother claimed that she was threatened by Ajjahnon.  After a cursory initial screening at the medical center, Ajjahnon was diagnosed with bipolar disorder, which led to a period of involuntary commitment.  She was admitted to a short-term care facility operated by RWJ Barnabas Health, Inc., where she was again screened by a psychiatrist, who agreed with the bipolar diagnosis and added a diagnosis of schizophrenia.  Ajjahnon claimed that the healthcare providers violated her due process rights by failing to give her an adequate clinical evaluation before diagnosing her.  She asserts that her diagnoses were "done to falsify billing claims to government funded healthcare programs."

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for the discussion.

2

The United States declined to intervene in the qui tam action. The District Court dismissed the complaint, reasoning that "a pro se litigant may not pursue a qui tam action on behalf of the government." Ajjahnon appealed.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's dismissal de novo.[2] See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm on any ground supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The False Claims Act enables private parties, known as relators, to bring enforcement actions on behalf of the United States to recover funds which were fraudulently obtained, and to share in any resulting damages award. 31 U.S.C. § 3729, et seq.; see also United States ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 295, 304-05 (3d Cir. 2011). When a relator files a qui tam suit, the action is deemed to be brought "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). Indeed, "while the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States." United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008). We have held, however, that an individual proceeding pro se may not represent third parties in federal court. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010); see also 28 U.S.C. § 1654

---

[2] The District Court's sua sponte dismissal of the complaint was permissible under 28 U.S.C. § 1915(e).

(providing that in federal court, "parties may plead and conduct their own cases personally or by counsel"). Therefore, a pro se litigant may not pursue a qui tam action on behalf of the Government. See Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 245 (4th Cir. 2020) (recognizing that "[t]his stance is in accord with the decisions of our sister circuits that have addressed this issue").

The District Court properly dismissed the complaint. The United States remains the party in interest in this action. See United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 934-35 (2009); Mergent Servs., 540 F.3d at 93. Ajjahnon brought the action to recover on behalf of the government for the defendants' allegedly fraudulent billing practices. As such, the District Court did not err in concluding that Ajjahnon may not maintain this qui tam action in her pro se capacity as a relator on behalf of the United States. We will, however, amend the District Court's judgment to reflect that the dismissal is without prejudice. See Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013) ("Dismissals for lack of proper representation [in qui tam actions] are . . . normally without prejudice, to give the plaintiff a chance to find a lawyer to handle the case.").

It also appears that, pursuant to 42 U.S.C. § 1983, Ajjahnon challenged her involuntary commitment and diagnoses of bipolar disorder and schizophrenia. She claims that she was not clinically diagnosed under New Jersey law[3] and that the

---

[3] To the extent that she alleges that workers at the healthcare facilities violated a New Jersey state law, there can be no § 1983 claim for a violation of state law. Benn v. Universal Health Sys., Inc., 371 F.3d 165, 174 (3d Cir. 2004); Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990).

evaluation procedure violated her due process rights.  However, a § 1983 claim may only be brought against "a person who may fairly be said to be a state actor."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  "[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."  Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). The healthcare providers named in this action are private actors and the diagnoses—even though they may have been done with the aid of state statutory guidelines—were made independently of any state coercion or influence.  See Pino v. Higgs, 75 F.3d 1461, 1466-67 (10th Cir. 1996).

Accordingly, we will summarily affirm the judgment of the District Court, but amend it to reflect that the dismissal of the qui tam claim is without prejudice