IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2007

Charles R. Fulbruge III
Clerk

No. 06-10958

United States of America, ex rel

SUSAN HEATH

                              Plaintiff-Appellant

v.

DALLAS-FORT WORTH INTERNATIONAL AIRPORT BOARD

                              Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-100

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Susan Heath, acting as a whistleblower, brought this
action on behalf of the United States under the qui tam provision of the False
Claims Act ("FCA"), 31 U.S.C. § 3730(b). She alleged that the Dallas Fort-Worth
International Airport Board ("DFW"), acting through its personnel, made false
statements relating to environmental matters and submitted false claims in

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

order to receive funding from the Federal Aviation Administration ("FAA") for various projects at DFW Airport. The case went to trial, the jury found against Heath and the district court entered judgment in favor of DFW. Heath appeals, citing mistakes in the district court's evidentiary rulings and in its instructions to the jury. We find no reversible error and AFFIRM.

From March 1996 to August 2000, Susan Heath worked as an environmental scientist in DFW's Environmental Affairs Department. While employed by DFW, Heath became convinced that DFW had applied for and received grants between 1993 and 1999 from the FAA while falsely certifying compliance with federal environmental laws and regulations. The grants received by DFW totaled approximately $156 million.

In January 1999, Heath filed this qui tam action, claiming that DFW had submitted false statements relating to environmental issues to obtain grant funds in violation of the FCA, 31 U.S.C. § 3729(a)(1).

The case proceeded to trial in July 2006 and was ultimately submitted to a jury. In response to Question No. 1, which asked whether DFW knowingly presented false and fraudulent claims to the FAA, the jury answered "no" as to each of the grants at issue. The jury did not answer the remaining questions, nor did it need to. Based on the jury's verdict, the court entered judgment for DFW. Heath now appeals.

Heath first argues that the district court abused its discretion by allowing DFW to repeatedly argue and elicit certain testimony regarding the FAA's disinterest or inaction in response to Heath's FCA claims that DFW had submitted false statements in seeking FAA grants. The parties dispute the appropriate characterization of the evidence of FAA inaction actually presented before the district court. Heath asserts that DFW argued that the FAA was authorized to but did not intervene in or bring the FCA suit, when under the FCA no such authorization exists; and that the FAA was authorized to but did

not bring a formal administrative proceeding to recover the grant funds at issue, when under the FCA the agency could not have pursued administrative remedies while Heath's qui tam action was pending. DFW, in contrast, asserts that it argued only that the FAA never said it believed DFW had lied or cheated, never asked DFW to return the grant funds, and never cut off any future grant funds to DFW.

Evidentiary rulings are reviewed for abuse of discretion, and this review is subject to harmless error analysis. United States v. Cantu, 167 F.3d 198, 203 (5th Cir. 1999).

As we noted, the parties dispute the appropriate characterization of the evidence of FAA inaction actually presented before the district court. Our review of the record leads us to conclude that, at best, it is only true that DFW vaguely referenced the allegedly inappropriate arguments that Heath presents to this court. Conversely, it is at least arguably true, as DFW claims, that DFW never argued either that the FAA was authorized to but did not intervene in or bring the FCA suit, or that the FAA was authorized to but did not bring a formal administrative proceeding to recover the grant funds at issue. Moreover, to the extent that DFW's vague references to the FAA's inaction approached the allegedly impermissible topics, Heath did present some evidence, and was free to present available and admissible evidence, including FAA witnesses, that would have rebutted any prejudicial effect of these references. Indeed, during closing arguments, Heath's counsel argued that the government's inaction with respect to her claims indicated that her case had merit. She argued that "the Justice Department at any time could have stepped in here and stopped this case in the last seven years since it's been around. Any time. They have not." In any event, our study of the record indicates that these vaguely impermissible references had no detectable effect on Heath's ability to fairly present her case to the jury. We therefore hold that, even if the district court abused its

discretion in admitting the evidence and allowing the argument on the specific two matters presented on appeal, such errors, if errors they be, could not reasonably be said to have prejudiced Heath's case when she had ample opportunity to rebut the evidence and argument. Such alleged errors are therefore not grounds for reversing the jury's verdict and the district court's judgment.

Heath also argues that the district court abused its discretion by refusing to submit her requested jury instructions. This issue is in essence an extension of the subject we have just addressed. Heath asserts that her jury instructions were "proffered to ameliorate the harm resulting from DFW's recurring invitation to the jury to draw improper inferences from the FAA's inaction regarding the grants." These "improper inferences," Heath asserts, were that the FAA was authorized to but did not intervene in or bring the FCA suit, when under the FCA no such authorization exists; and that the FAA was authorized to but did not bring a formal administrative proceeding to recover the grant funds at issue, when under the FCA the agency could not have pursued administrative remedies while Heath's qui tam action was pending.[1]

We review challenges to jury instructions for abuse of discretion. Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 179 (5th Cir. 2005). A judgment should be reversed only if the charge as a whole creates a substantial doubt as to whether the jury has been properly guided in its deliberations. Id. Moreover, "even if the jury instructions were erroneous, we will not reverse if we determine, based upon the entire record, that the challenged instructions could not have affected the outcome of the case." Fed. Deposit Ins. Co. v. Mijalis, 15 F.3d 1314, 1318 (5th Cir. 1994). In sum, trial courts have substantial latitude in formulating jury instructions. Id.

---

[1] We do not decide whether an agency can pursue an administrative remedy while a qui tam action is pending.

First, it is clear to us that the district court's jury instructions substantially covered the content of the proposed charge. The district court's charge indicated that the Attorney General is the only government official who can bring an FCA action and the only government official who can move to dismiss an FCA action. This instruction sufficiently told the jury that the Attorney General, and not the FAA, was responsible for the government's decisions regarding Heath's FCA claims. Second, it is also clear to us that the district court's instructions did not affect the outcome of the case. Taken together, the trial, the district court's charge, and closing arguments laid Heath's case squarely before the jury. For these reasons, we hold that the district court committed no reversible error by failing to submit Heath's requested jury instructions.

In sum, the district court's admission of the complained of argument and evidence is not reversible error, as it is arguably true that DFW never broached the allegedly impermissible topics, and as Heath was free to and did attempt to rebut the effect of the admitted evidence. Moreover, the district court did not abuse its discretion by failing to submit Heath's requested jury instructions, as the district court's charge adequately guided the jury in its deliberations, and as the district court's instructions did not affect the outcome of the case. For these reasons, the judgment of the district court is

AFFIRMED.