**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2045**

JOSEPH EDWARD WOJCICKI,

Plaintiff - Appellant,

v.

SCANA/SCE&G,

Defendants – Appellees.

--------------------------------

UNITED STATES OF AMERICA,

Amicus Curiae.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:14-cv-00838-JMC)

Argued:  September 20, 2019                          Decided:  January 14, 2020

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Affirmed by published opinion.  Judge Thacker wrote the opinion, in which Chief Judge Gregory and Judge Harris joined.

**ARGUED:**  Lukas R. Gleissner, GLEISSNER LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Amy R. Upshaw, KING & SPALDING LLP, Washington, D.C.,

for Appellees.  Melissa N. Patterson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Amicus Curiae.  **ON BRIEF:** Richard Robert Gleissner, GLEISSNER LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Ashley C. Parrish, Washington, D.C., David L. Balser, KING & SPALDING LLP, Atlanta, Georgia, for Appellees.  Joseph H. Hunt, Assistant Attorney General, Charles W. Scarborough, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Sherri A. Lydon, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Amicus United States.

THACKER, Circuit Judge:

Appellant Edward Joseph Wojcicki ("Appellant") seeks to maintain a qui tam action pursuant to the False Claims Act (the "FCA") without the benefit of counsel. Because a pro se plaintiff cannot represent the Government's interest in a qui tam suit, we affirm the district court's dismissal order.

For this same reason, we also affirm the district court's denial of Appellant's motion for reconsideration of its dismissal order.

I.

In February 2012, Appellant sent a letter to the Nuclear Regulatory Commission detailing his concerns as to a rate adjustment application submitted pursuant to the South Carolina Base Load Review Act (the "BLRA"), S.C. Code Ann. § 58-33-275, by SCANA Corporation and South Carolina Electric & Gas Corporation ("Appellees"). Appellant's letter expressed concerns about Appellees' proposed location of two nuclear energy facilities in Jenkinsville, South Carolina. On March 11, 2014, because his concerns remained unaddressed, Appellant filed the underlying pro se qui tam action against Appellees in the United States District Court for the District of South Carolina. There, Appellant -- "on behalf of the United States of America" -- alleged Appellees had violated the FCA, 31 U.S.C. § 3729, by filing false claims under the BLRA in order to receive permission to "increase electric energy [kWh] rates to cover costs of construction [of] two

3

nuclear units (2 and 3) in Jenkinsville, SC" rather than seeking federal government funds for the project. J.A. 6.[1]

After filing the complaint, Appellant filed a "Motion to Place Complaint Under Seal and Request to Withhold Issue of Summons" for 60 days, pursuant to the FCA. J.A. 104 (citing 31 U.S.C. § 3730(b)(2)). The case was then referred to a United States magistrate judge. The magistrate judge granted the motion on April 1, 2014, but cautioned Appellant that, to bring a proper qui tam action, he must (1) retain counsel and (2) "provide summonses necessary for service of the complaint on the United States Attorney General and United States Attorney for the District of South Carolina." *Id.* at 105. If Appellant failed to do so within 21 days, the magistrate judge warned, the case could be "dismissed for failure to prosecute and failure to comply with an order of this court under Fed. R. Civ. P. 41." *Id.*

Appellant complied with neither directive. Instead, Appellant filed a motion for extension of time in order to obtain an attorney and also filed summons forms made out to Appellees, rather than the government entities as instructed. Nonetheless, the magistrate judge allowed Appellant 14 extra days to complete the proper summons and, again, warned Appellant that failure to comply with the court orders could result in dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. This time, Appellant complied with the request to fill out the summons forms. However, instead of retaining counsel, Appellant

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

requested the appointment of counsel. But given the lack of a right to counsel in civil actions, the motion was denied.

On June 14, 2014, the magistrate judge issued a report and recommendation to the district court, recommending that the action be unsealed and dismissed without prejudice. On July 9, 2014, the district court unsealed the case, but did not act on the dismissal recommendation. Appellant filed timely objections.

Then, on August 3, 2015, Appellant filed a motion requesting (1) the appointment of counsel and (2) "reverse summary judgment." J.A. 138. This motion was denied on January 19, 2016. Specifically, as to the request for counsel, the district court found Appellant had not identified any exceptional circumstances meriting the appointment of counsel in a civil action. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (noting that appointment of counsel "should be allowed only in exceptional cases"). On January 28, 2016, Appellant filed a motion for reconsideration "of the findings in the court order" seeking "any possible helps, including legal." J.A. 142–43. Ultimately, on January 17, 2017, the district court accepted the June 14th report and recommendation, determining that the magistrate judge had "correctly concluded that [Appellant's] Complaint was subject to dismissal because of [Appellant's] status as a *pro se* litigant," and dismissed the action without prejudice. *Id.* at 147–49.

Shortly thereafter, on January 27, 2017, Appellant filed a motion to reconsider the January 17 order dismissing the action. Specifically, Appellant contended that he was permitted to proceed pro se in the qui tam action, because the FCA did not state otherwise, and to require him to retain counsel would "act as a manifest injustice." J.A. 154. On

5

January 30, 2017, Appellant filed an amendment to his motion to reconsider, to append an excerpt from Appellant's e-book as an exhibit that was mistakenly omitted from the original motion.[2]  On August 9, 2017, the district court denied Appellant's January 27 motion for reconsideration as moot and denied Appellant's amended motion for reconsideration because Appellant had failed to show any intervening change in law, new evidence, or that manifest injustice would result.  *See Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (identifying proper grounds for reconsideration).

On September 7, 2017, Appellant filed a notice of appeal "from the Judgment entered in this action of the 9th day of August, 2017."  J.A. 173.[3]  Because "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted), we take Appellant's notice of appeal to also contest the January 17 dismissal of his action, not simply the judgment denying his amended motion for reconsideration.

---

[2] The exhibit, "for Wojcicki's eBook 2014 copyrighted publication to note the situation on 2017 January 27 in [the] form of [a] Memorandum," summarizes Appellant's theory of the issues at stake in this suit. J.A. 164.  Appellant's January 30, 2017 motion to reconsider explains that, upon filing of the January 27, 2017 motion to reconsider, this exhibit was "found later to be missing." *Id.* at 163.  Per the January 30 motion, the exhibit was intended to "enforce the factual importance of the jury trial in this SCANA (NYSE:SCG) mega-scandal despite some 'technicalities.'" *Id.*

[3] Appellant also filed a post-judgment motion to reconsider, which was denied. Appellant has not raised any issues related to the denial of this motion, thus any such issues are waived.  *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

6

## II.

### A.

The FCA prohibits "knowingly presenting false or fraudulent claims to the government of the United States for payment or approval." *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 202 (4th Cir. 2017) (citing 31 U.S.C. § 3729(a)(1)). The statute may be enforced through civil actions brought by the Attorney General of the United States or by private parties, known as relators, in suits known as qui tam actions. *Id.* When a relator files a qui tam suit, the action is deemed to be brought "for the person *and* for the United States Government." 31 U.S.C. § 3730(b)(1) (emphasis supplied). As the Supreme Court has explained, "The FCA can reasonably be regarded as effecting a partial assignment of the Government's damages claim" to the relator. *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000).

A separate statute, 28 U.S.C. § 1654, generically provides parties with the right to conduct their "own cases," pro se or by counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes . . . appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). "[T]here is no question that a party may represent his or her own interests in federal court without the aid of counsel." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522 (2007) (citing 28 U.S.C. § 1654). "The right to litigate for *oneself*, however, does not create a coordinate right to

7

litigate for *others*." *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphases in original) (citation omitted).

B.

The primary question before us is whether the district court erred in concluding that a pro se relator cannot bring a qui tam FCA action as though he is bringing his "own" case. Appellant argues that requiring a relator to secure counsel is contrary to the purpose and language of the FCA, which, he correctly points out, does not expressly limit qui tam actions to those brought by represented parties. But relying on a wealth of circuit court authority, Appellees contend that "a non-attorney has no right to represent the Government in FCA qui tam actions, even if he also represents his own interests." Appellees' Br. 7.

The second question before us is whether the district court abused its discretion in denying Appellant's amended motion for reconsideration of its dismissal order. Appellant claims abuse of discretion, while Appellees contend that, because the dismissal was legally proper, denial of the motion to reconsider was likewise appropriate.

III.

A.

The FCA Creates No Right for Relators to Appear Pro Se

1.

Reviewing the district court's Rule 41 dismissal de novo, *see Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 545 (4th Cir. 1993), we agree that a relator cannot pursue a qui tam FCA suit pro se. Though the FCA's "partial assignment" of a claim "gives the relator himself an interest in the lawsuit," that right to recovery is

8

inextricably bound up with the Government's interest. *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772–73 (2000) (emphasis omitted). Thus, though the relator party has *an* interest, it is not the *sole* interest at stake. This is the core issue in deciding whether a party can bring a claim pro se.

Whenever a relator brings a qui tam suit to court, the government's interest in the action comes along for the ride. Even if the United States does not intervene in a qui tam action brought pursuant to the FCA, "the United States is bound by the relator's actions for purposes of res judicata and collateral estoppel." *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) (internal quotation marks omitted); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (noting that allowing pro se inmate to represent class of inmates risks a negative judgment that "may prevent the other inmates from later raising the same claims" and concluding pro se inmate could not represent class). If we were to allow a qui tam plaintiff to proceed pro se, the government could be bound by an adverse judgment in the action. Moreover, because the FCA only allows for one person to bring a qui tam action based on the specific underlying facts, allowing a pro se relator to pursue a claim could very well prevent another better-equipped plaintiff from pursuing the claim. *See* 31 U.S.C. § 3730(b)(5) (first filed action bars future qui tam actions); *see also United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 303 (4th Cir. 2017) ("If a court finds that the particular action before it is barred by the first-to-file rule, the court lacks subject matter jurisdiction over the later-filed matter." (citation omitted)).

9

Though we do not yet have precedential authority addressing the right to proceed pro se in a qui tam action, we have otherwise considered -- and rejected -- the right of individuals to litigate pro se on behalf of others. *See Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (holding "that non-attorney parents generally may not litigate the claims of their minor children in federal court"). We have articulated two reasons for this bar: (1) "it protects the rights of those before the court," and (2) "jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Id.* at 400. Allowing individuals to represent themselves pro se "reflects a respect for the choice of an individual citizen to plead his or her own cause," but so does the bar preventing individuals without legal expertise from representing others. *Id.* (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *see Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) ("[W]hile a pro se plaintiff can squander his own rights, he cannot waste the rights of other persons or entities[.]" (internal quotation marks omitted)).

Applying this reasoning, we have held, for example, that a pro se prisoner may not bring a class action on behalf of other prisoners because "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Oxendine*, 509 F.2d at 1407 (construing prisoner's request for injunctive relief against prison policy impacting all inmates as a class action). Similarly, courts have allowed non-attorney administrators to represent an estate where the administrator is the sole beneficiary but will bar an administrator from going forward pro se if another beneficiary's interest is implicated. *See, e.g.*, *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 171 (3d Cir. 2018) ("If an estate has one or more beneficiaries

10

besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake" and those interests "may not be represented by a non-attorney administrator of an estate."). Preventing a non-attorney administrator from vindicating her interest pro se in that context does not materially differ from preventing a pro se relator from vindicating his partially assigned interest in a qui tam FCA case. In either instance, the commingling of one's "own" interest with that of another can prevent the would-be pro se party from acting without counsel.

Heretofore, there has been no published Fourth Circuit authority on the precise question before us. However, we have recognized in an unpublished decision that, "[a] lay person may not bring a *qui tam* action under the False Claims Act." *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) (per curiam). Specifically, we observed "[a]lthough a *qui tam* relator is entitled by statute to a share of the recovery if his action is successful . . . the United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits." *Id.* More recently, we have applied this rule in another unpublished decision -- "Count II of [Appellant's] complaint was subject to dismissal because a pro se litigant may not pursue a qui tam action on behalf of the Government under the FCA." *Bond v. Hughes*, 671 F. App'x 228, 229 (4th Cir. 2016) (per curiam) (collecting cases).

This stance is in accord with the decisions of our sister circuits that have addressed this issue. *See, e.g.*, *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer . . . . A nonlawyer

11

can't handle a case on behalf of anyone except himself." (citations omitted)); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam) (holding a plaintiff may not bring a qui tam FCA action as a pro se relator); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act qui tam actions, we conclude that they are not entitled to proceed pro se."); *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126–28 (9th Cir. 2007); *United States v. Onan*, 190 F.2d 1, 6–7 (8th Cir. 1951).[4]

2.

Section 1654 -- the general grant of authority to proceed pro se -- expressly provides that a party may proceed pro se in their *own case*.  28 U.S.C. § 1654.  The FCA, for its part, gives a relator the "right to conduct the action."  31 U.S.C. § 3730(c)(3).  But there is no indication that this assignment was intended to abrogate the general rule that a person may not represent another person or entity pro se.  *See, e.g.*, *Onan*, 190 F.2d at 6 (explaining, where Congress did not expressly authorize relator to proceed pro se, it "must have had in mind that such a suit would be carried on in accordance with the established

---

[4] *See also Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam) ("[W]e do not hesitate to conclude that the District Court did not err in concluding that [Appellant] Gunn may not maintain this qui tam action in his pro se capacity as a relator on behalf of the United States."); *Nasuti v. Savage Farms, Inc.*, No. 14-1362, 2015 WL 9598315, at *1 (1st Cir. Mar. 12, 2015); *Jones v. Jindal*, 409 F. App'x 356, 356 (D.C. Cir. 2011) (per curiam) ("The district court properly dismissed appellant's complaint because a pro se plaintiff may not file a *qui tam* action pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.*").

procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself").

Thus, given our precedent regarding pro se representation and the consensus amongst all circuits to have squarely considered the issue, we readily conclude that Appellant cannot bring a pro se FCA qui tam action.[5]  As a result, we affirm the district court's dismissal of Appellant's complaint.

B.

### The District Court Did Not Abuse its Discretion in Denying Appellant's Motion to Reconsider

We review the denial of a motion for reconsideration under the deferential abuse of discretion standard. *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 206 (4th Cir. 2017) (citation omitted).  "Rule 59(e) motions [for reconsideration] can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . ; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotation marks omitted).  Appellant does not cite an intervening change in law or new evidence in support

---

[5] A few additional circuits have considered qui tam suits brought before them by pro se relators without speaking to this question.  *See U.S. ex rel. Heath v. Dallas-Fort Worth Intern. Airport Bd.*, 260 F. App'x 708, 711 (5th Cir. 2005) (per curiam) (deciding pro se appeal from qui tam trial without noting lack of counsel issue); *U.S. ex rel. Sweigert v. Elec. Sys. Assocs., Inc.*, 85 F.3d 630, 630 (Table) (6th Cir. 1996) (affirming dismissal in appeal filed pro se without addressing lack of counsel); *U.S. ex rel. Petrofsky v. Van Cott, Bagley, Cornwall, McCarthy*, 588 F.2d 1327, 1328–29 (10th Cir. 1978) (per curiam) (affirming dismissal of qui tam suit brought pro se without considering effect of pro se status).

13

of his motion to reconsider. Appellant asserts only "manifest injustice" as a potential basis for reconsideration. However, we have previously held that where the district court's initial decision was correct, the denial of a motion to reconsider cannot be clearly erroneous or manifestly unjust. *See Halliburton Co.*, 866 F.3d at 211. Here, because its dismissal decision was correct in the first instance, we hold that the district court did not abuse its discretion in denying Appellant's amended motion to reconsider its prior judgment.

## IV.

For the reasons set forth herein, the decisions of the district court as to both the motion to dismiss and the amended motion for reconsideration are

*AFFIRMED*.