**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES EX REL. SAMUEL J.
MAY, an individual,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; THE
DEPARTMENT OF JUSTICE, an agency
of the United States; THE DEPARTMENT
OF HEALTH AND HUMAN SERVICES,
an agency of the United States; FOOD
AND DRUG ADMINISTRATION, an
agency of the United States; EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION, an agency of the United
States; AMGEN USA INC., A California
and Delaware corporation; DEBORAH
ZWANY; SARA WINSLOW; PATRICK
HANNIGAN; OMOTUNDE
OSUNSANMI

    Defendants – Appellees.

No. 19-1478
(D.C. No. 1:17-CV-00637-RM-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **PHILLIPS**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

In the 2000s, pro se plaintiff Samuel May worked for defendant Amgen USA, Inc. (Amgen).  After he left the company, he brought an unsuccessful arbitration claim against it, and then unsuccessfully tried to vacate the arbitration award in state and federal courts.  Meanwhile, he also filed a *qui tam* action under the False Claims Act against Amgen in the United States District Court for the Northern District of California.  The United States declined to intervene, and the case was later dismissed without prejudice because May did not obtain counsel.  Just under a year later, in 2012, the United States and Amgen reached a settlement not involving May.  More than three years after that, May moved to reopen his *qui tam* action in the Northern District of California, seeking a share of the settlement.  But the court denied the motion because May still had "not retained counsel, and his filings [were] untimely and plainly frivolous."  R. vol. 1 at 808.  May appealed to the Ninth Circuit, and the appeal was dismissed.

Eight days after the Ninth Circuit dismissed his appeal, May filed this lawsuit in the District of Colorado against Amgen and several federal defendants—the United States of America, the Department of Justice, and the Department of Health and Human Services (collectively, "the federal defendants").[1]  His complaint contains seven claims:  counts one and two allege contract claims, counts three through seven tort claims.  The relief he seeks includes between 25% and 30% of (1) the $762

_____

[1] May's complaint lists several other defendants too, but the district court ultimately dismissed them without prejudice.

million recovered by the United States in its 2012 settlement with Amgen or (2) Amgen's value—at least $900 million. The district court dismissed with prejudice all counts against Amgen. It dismissed without prejudice counts one and two against the federal defendants for lack of subject-matter jurisdiction, and it granted them summary judgment on the five remaining counts. May appeals, and we affirm.

## I. Pro Se Pleadings

We construe May's pro se pleadings liberally, holding them to a less stringent standard than we would a lawyer's pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But we may not go so far as to serve as May's advocate. *See id.* And pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## II. Judicial Notice and Motion to Strike

May asks us to take judicial notice of two documents related to a state arbitration case between him and Amgen. We have discretion to take judicial notice of publicly filed records from "other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007). We decline to notice the documents that May has submitted, however, because they have no bearing on our analysis. Because we deny May's motion to notice the documents, we also deny as moot the federal defendants' motion to strike May's declaration in support of his motion for judicial notice.

### III. Subject-Matter Jurisdiction

May's opening brief contains many assertions about jurisdiction. Reading his brief liberally, we construe those assertions to challenge the district court's decision to dismiss count one (breach of contract) and count two (breach of an implied covenant of good faith and fair dealing) as to the federal defendants under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. We review the Rule 12(b)(1) dismissal de novo. *Chance v. Zinke*, 898 F.3d 1025, 1028 (10th Cir. 2018).

Together, the Tucker Act (28 U.S.C. § 1491) and the Little Tucker Act (28 U.S.C. § 1346) vest the Court of Federal Claims with exclusive jurisdiction over contract claims against the United States for more than $10,000. *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997). So the district court correctly concluded that, as to the federal defendants, it lacked subject-matter jurisdiction over counts one and two—contract claims seeking millions of dollars.

May does not persuade us that, despite the Tucker Act, the district court nevertheless has jurisdiction over his contract claims against the federal defendants. The Tucker Act is displaced "when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 12 (2012). May cites several statutes that, in his view, give the district court jurisdiction to hear his contract claims against the federal defendants: 9 U.S.C. §§ 1–16 (Federal Arbitration Act); 21 U.S.C. §§ 301–92 (Food, Drug, and Cosmetic Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity

jurisdiction); 28 U.S.C. § 1343(a)(3) (civil actions for equal-rights violations); 42 U.S.C. §§ 1981 (equal rights), 1983 (civil actions for rights deprivations). But he has not identified any specific language in these assorted statutes displacing the Tucker Act's exclusive jurisdiction over his contract claims against the federal defendants.

## IV. *Qui Tam*

May cannot salvage claims one and two against the federal defendants by framing them as a *qui tam* action under 31 U.S.C. § 3730 (False Claims Act). A pro se litigant may not bring a *qui tam* action. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020). And although May's pro se status does not implicate the district court's jurisdiction, it would warrant dismissal without prejudice of any *qui tam* claims, *see Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013), as the district court ordered on counts one and two against the federal defendants.

May's failure to obtain counsel similarly forecloses any argument that he properly brought a *qui tam* action against Amgen. *See Wojcicki*, 947 F.3d at 246.

## V. Rulings Not Considered

May seems to claim that "the district court erred in denying [his] First Amended Complaint." Aplt. Opening Br. at 11. But it appears that May never tried to amend his complaint. It is possible that May refers to the motion to alter the judgment that he filed on December 14, 2019, identified in the docket record in part as his "First MOTION to Alter Judgment." R. vol. 1 at 14. The district court denied

5

this motion, but not until after May filed his notice of appeal. And May did not file another notice of appeal or amend the original one to include the order denying his motion to alter the judgment. As a consequence, that order is not properly before us. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

May's opening brief does not present a coherent challenge to (1) the district court's summary judgment (based on the statute of limitations) for the federal defendants on counts three through seven; (2) the district court's dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) of all claims against Amgen; or (3) the district court's award of attorney's fees to Amgen. May has thus waived any argument against these rulings. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

## VI. Conclusion

May's motion that we take judicial notice of certain documents is denied. The motion to strike May's declaration is denied. May's motion to expedite the appeal is denied as moot. We do not consider any arguments in May's motion to expedite that do not relate to the motion itself. *See* Fed. R. App. P. 28(c) ("Unless the court permits, no further briefs may be filed."). The district court's judgment is affirmed.

Entered for the Court

Michael R. Murphy
Circuit Judge

6