**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1356**

RICHARD BIBBS,

       Plaintiff - Appellant,

    v.

NATIONAL PARK SERVICE; LIZZIE WATTS, Superintendent; UNKNOWN
PARK RANGERS A & B, Each individually and in their official capacity as
Employees of NPS; FAYETTE COUNTY SHERIFF'S DEPARTMENT; SHERIFF
MICHAEL FRIDLEY; DEPUTY E. A. SHREWSBURY, Each individually and in
their official capacity as Employees of FCSD,

       Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at
Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:17-cv-03885)

Submitted: December 3, 2020                Decided: December 15, 2020

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard Bibbs, Appellant Pro Se. John P. Fuller, BAILEY & WYANT, PLLC, Charleston,
West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Bibbs appeals the district court's orders dismissing his civil action and denying his postjudgment motion. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that relief be denied and advised Bibbs that failure to file timely, specific objections to this recommendation could result in a waiver of de novo review by the district court and a waiver of appellate review by this court. Bibbs failed to file objections to the magistrate judge's recommendation, and the district court thus adopted the recommendation and dismissed Bibbs' civil action without performing a de novo review. Shortly thereafter, Bibbs filed a postjudgment motion objecting to the district court's order and arguing that he was entitled to an extension of time to file objections to the magistrate judge's recommendation. Bibbs asserted that he had not received a copy of the magistrate judge's recommendation, explained that he had had problems receiving mail at his street address in the past, and asked that all future mail be sent to him at a P.O. box address. The district court denied the motion, and Bibbs timely appealed.

As a threshold matter, we note that Bibbs' postjudgment motion is properly construed as a motion for reconsideration of the district court's final order under Fed. R. Civ. P. 59(e). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within [the time period prescribed by Rule 59(e)] and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (internal quotation marks omitted)). "We

review the denial of a motion for reconsideration under the deferential abuse of discretion standard." *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020).

Here, the district court found that a copy of the magistrate judge's recommendation was mailed to the address Bibbs provided to the court at the start of the litigation—the same address at which Bibbs received a copy of the district court's final order. Bibbs did not provide formal notice of his alternate mailing address until after the district court issued its final order dismissing the case. This court has repeatedly stressed that it is the litigant's responsibility to keep courts apprised of his preferred mailing address. We therefore conclude that the district court did not abuse its discretion in denying Bibbs' motion for reconsideration.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Accordingly, Bibbs has waived appellate review of the district court's final order by failing to file timely objections to the magistrate judge's recommendation.

We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*