**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2455
_____

RONALD S. ROTHMAN,
Appellant

v.

CABANA SERIES IV TRUST; IGLOO SERIES IV TRUST;
US BANK TRUST NATIONAL ASSOCIATION, as Trustee;
WELLS FARGO BANK, N.A.; BALBEC CAPITAL, L.P.;
SN SERVICING CORPORATION; FRIEDMAN VARTOLO, LLP;
QUENTEN GILLIAM, ESQ.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-23-cv-03183)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2024
Before: JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed April 2, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ronald Rothman appeals from an order of the District Court dismissing his complaint with prejudice and remanding a foreclosure proceeding to state court. For the following reasons, we will affirm the District Court's judgment.

In June 2023, Rothman filed a complaint alleging that defendants, including U.S. Bank Trust National Association and Wells Fargo Bank N.A., violated federal civil and criminal laws in connection with an "invalid mortgage loan." Rothman claimed that the loan was obtained by his son in 2006 to finance the purchase of a property from Rothman, that the "Notice of Settlement" for the loan was improperly recorded, and that the defendants illegally collected (or benefitted from) insurance payments on the "invalid" loan. ECF No. 1 at 6-10. The action was based on the False Claims Act and numerous criminal statutes, including the RICO Act. Rothman sought "declaratory judgments," inter alia, nullifying the mortgage loan and the sale of the property, and requiring restitution of the insurance payments. Id. at 12-13.

In July 2023, Rothman filed a letter with the District Court, seeking to remove a 2022 foreclosure action (which stemmed from an alleged default of the mortgage loan) from the New Jersey Superior Court, Chancery Division, to the District Court. In a Memorandum Order entered July 31, 2023, the District Court granted Rothman's motion to proceed in forma pauperis, and screened and dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Also, to the extent that Rothman's letter could be construed as a Notice of Removal pursuant to 28 U.S.C. § 1441(a), the District Court ordered the foreclosure matter remanded to state court. Rothman appealed.

2

We first address the scope of our jurisdiction. Appellees contend that the complaint itself was a notice of removal, and that we lack jurisdiction to review the order remanding the foreclosure matter. Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." See Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir. 1998) (recognizing that, through § 1447(d), "Congress has fashioned an exception to the general rule of review, and made a district court's initial determination that removal was inappropriate a nonreviewable one"). The Supreme Court has made clear that "only remands based on grounds specified in [28 U.S.C.] § 1447(c) are immune from review under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). The District Court's order here remanded the foreclosure matter for lack of subject-matter jurisdiction under § 1447(c). We thus lack jurisdiction to review that portion of the Memorandum Order.[1]

However, the complaint was not a notice of removal but rather an original action,[2]

---

[1] In light of this, we need not address the District Court's alternative basis for remanding the foreclosure matter – a procedural defect – which we would have jurisdiction to review. See Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003) (recognizing that remand under § 1447(c) based on a procedural defect "may only be effected by a timely motion").

[2] Rothman indicated on the civil cover sheet that the action was an "Original Proceeding" based on the False Claims Act. Unlike in the foreclosure matter, where he was a defendant, Rothman is the plaintiff in the complaint; the parties and the claims are also different. Finally, he indicated in the complaint that he "intends to [r]emove" the foreclosure action which is "related to this [d]ispute." ECF No. 1 at 11.

and the District Court appropriately treated it as such. See ECF No. 1-12. In its Memorandum Order, the District Court considered the claims and dismissed them with prejudice under § 1915(e)(2)(B). See ECF No. 5 at 3-5. That determination was final for purposes of 28 U.S.C. § 1291. It was also separate and severable from the District Court's consideration of the July 2023 notice-of-removal letter and decision to remand, although they were addressed in the same order; as such, it is reviewable by this Court. See City of Waco v. U.S. Fid. & Guar. Co., 293 U.S. 140, 143 (1934) (recognizing that § 1447(d) does not preclude review of a concurrent order that is severable from the remand order "in logic and fact"); Carr v. American Red Cross, 17 F.3d 671, 674-75 (3d Cir. 1994) ("[W]e have embraced the principle that a district court cannot prevent appellate review of a final [ ] order by contemporaneously remanding a case to state court.").

Turning to the complaint, it sought to hold defendants civilly and criminally liable for insurance fraud. Rothman claimed that the suit was "in the [p]ublic [i]nterest" because the defendants were depriving the "American [p]ublic and [c]itizens" of the federal funds. ECF No. 1 at 3. We agree with the District Court that Rothman in essence asserted a False Claims Act "qui tam" suit. In such cases, the Government is the real party in interest. See U.S. ex rel. Eisenstein v. City of N.Y., 556 U.S. 928, 934-35 (2009). Although a private person (the relator) may bring the suit on behalf of the Government, see 31 U.S.C. § 3730(b)(1), circuit courts agree that a pro se litigant, like Rothman, may not. See Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 & n.4 (4th Cir.

4

2020) (citing cases).  Nor could Rothman, as a private citizen, compel enforcement of criminal law.  Diamond v. Charles, 476 U.S. 54, 64-65 (1986); see also Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute").  The District Court therefore properly dismissed the complaint.  And, because amendment to the complaint would be futile, dismissal with prejudice was appropriate.  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Based on the foregoing, we will affirm the District Court's judgment.[3]

---

[3] We note that, although Rothman filed a "2nd Brief and 2nd Mandamus Brief," which included a subsection titled "Stay/Injunction," he did not request either mandamus or injunctive relief.