**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4251**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY JARELL MCKNIGHT, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Mary G. Lewis, District Judge.  (5:20-cr-00454-MGL-1)

_____

Submitted:  April 5, 2024                              Decided:  October 4, 2024

_____

Before HARRIS, RUSHING, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jerry Jarell McKnight, Jr., Appellant Pro Se.  Elliott Bishop Daniels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Jarell McKnight, Jr., pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced McKnight to 77 months' imprisonment for each count, to be served concurrently. On appeal, McKnight, proceeding pro se, argues that the district court violated several of his constitutional rights and that his sentence is procedurally unreasonable. We affirm.

McKnight first contends that the district court violated his Second Amendment right to have a firearm because he was not a person prohibited from having a firearm at the time that he possessed one. McKnight also argues that the federal prosecution violated his Tenth Amendment right to be policed by the state. However, McKnight has not alleged, and the record does not demonstrate, that his guilty plea was not made knowingly and voluntarily. *See United States v. Fitzgerald*, 820 F.3d 107, 113 (4th Cir. 2016) (holding that a valid guilty plea must be entered "knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences").

It is well established that, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea and has no [nonjurisdictional] ground upon which to attack that judgment except the inadequacy of the plea [under Fed. R. Crim. P. 11]." *United States v. Glover*, 8 F.4th 239, 245 (4th Cir. 2021) (cleaned up). This rule applies to bar appellate review even when the claims stem from an alleged "deprivation of constitutional rights that occurred prior to the entry of the

2

guilty plea." *United States v. Moussaoui*, 591 F.3d 263, 279 (internal quotation marks omitted). We conclude that McKnight waived these constitutional claims when he pleaded guilty.

McKnight next argues that the district court violated his Fifth Amendment rights to an indictment by grand jury and due process, and his Sixth Amendment right to a trial by jury, because the court attributed drug weights to him for sentencing that were not charged in the indictment. We disagree. McKnight was charged with possession with intent to distribute a substance containing a detectable amount of methamphetamine and was thus subject to a term of not more than 20 years of imprisonment. 21 U.S.C. § 841(b)(1)(C). The district court sentenced McKnight to 77 months of imprisonment, well within the statutory maximum. Therefore, the court did not violate McKnight's constitutional rights by calculating the drug weight for purposes of the Sentencing Guidelines. *See, e.g.*, *United States v. Ramirez-Negron*, 751 F.3d 42, 48 (1st Cir. 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate" a defendant's constitutional rights.)

McKnight also argues that the Government breached the plea agreement by arguing that the court should attribute these drug weights to him for sentencing purposes. "Because [McKnight] did not challenge the [G]overnment's purported breach of the plea agreement before the district court, we review his claim for plain error." *United States v. Edgell*, 914 F.3d 281, 286 (4th Cir. 2019). We consider whether the government breached the clear requirements of a plea agreement "employ[ing] traditional principles of contract law as a

3

guide," while "giv[ing] plea agreements greater scrutiny than we would apply to a commercial contract because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement." *Id.* at 287 (internal quotation marks omitted). We have reviewed the record and conclude that the Government did not breach any of its obligations under the plea agreement.

Liberally construing McKnight's arguments regarding the drug weight, *see Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 242 (4th Cir. 2020), McKnight appears to challenge the district court's calculation of the drug weight attributed to him under the Guidelines. We review a criminal sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Before assessing substantive reasonableness, we must first determine whether the sentence is procedurally reasonable. *See United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020). A district court commits procedural error "by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (cleaned up).

"In reviewing whether a sentencing court properly calculated the Guidelines range, we review the [district] court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence," *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009), and may also draw inferences from the evidence, so long as

4

those inferences are not clearly erroneous, *see United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004).

"Under the Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Relevant conduct includes "all acts and omissions committed, aided, [or] abetted . . . by the defendant . . . that occurred during the commission of the offense of conviction." USSG § 1B1.3(a)(1)(A). "[I]n a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct . . . as the count of conviction." USSG § 1B1.3, cmt. background. Thus, a sentencing court may consider quantities and types of drugs that were not charged or otherwise specified in the indictment, as long as it finds, by a preponderance of the evidence, that the conduct occurred and was part of the same course of conduct as the count of conviction. *United States v. Williams*, 977 F.2d 866, 870 (4th Cir. 1992).

The charges to which McKnight pleaded guilty stemmed from a traffic stop of McKnight's vehicle in April 2019, during which authorities recovered methamphetamine, synthetic cathinone, and marijuana, all packaged in separate baggies, and a firearm. In addition, during a traffic stop in January 2019, authorities recovered two types of drugs from McKnight, both synthetic cathinones. Then, in September 2020, authorities recovered from McKnight a synthetic cathinone separated into small baggies during another traffic stop. In finding that the January 2019 and September 2020 traffic stops were relevant conduct, the district court considered that similar drugs were found during

5

each traffic stop, and drug dealers often sell different drugs at different times. The court also considered that drug dealing operations often continue for lengthy periods of time. Based on the district court's findings, we find no clear error in the court's determination that the drugs recovered from each traffic stop were part of the same ongoing series of offenses. *See Williams*, 977 F.2d at 870 (listing factors to consider in determining whether defendant's conduct was part of same course of conduct).

Finally, McKnight claims that the district court did not announce the discretionary conditions of his supervised release at the sentencing hearing. In *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), "we held that district courts must announce all discretionary conditions of supervised release at a defendant's sentencing hearing." *United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022). "Discretionary conditions that appear for the first time in a subsequent written judgment, we held, are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). "But the district court may satisfy this obligation through incorporation—by incorporating, for instance, all Guidelines standard conditions." *United States v. Elbaz*, 52 F.4th 593, 612 (4th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 278 (2023).

Here, the district court announced that McKnight would be subject to the mandatory conditions of supervised release as outlined in 18 U.S.C. § 3583(d) and USSG § 5D1.3(a), and the standard conditions as outlined in USSG § 5D1.3(c), after confirming that McKnight had reviewed those conditions as recommended in the presentence report and did not object to them. The court also announced the special conditions of supervised

6

release at the sentencing hearing, which match the conditions listed in the criminal judgment. Accordingly, the court either incorporated the conditions by reference, or explicitly stated them. Thus, we find no *Rogers* error.

Accordingly, we affirm the district court's judgment. We also deny all of McKnight's pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*