**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6494**

---

DAMIAN JACKSON,

       Plaintiff - Appellant,

    v.

PATRICIA WEST, Chairman; LLOYD BANKS, Vice Chairman; MICHELLE DERMYER, Member; CHADWICK DOTSON, Chair - D.O.C.; SAMUEL L. BOONE, JR., Member Parole Board D.O.C.; HAROLD TAYLOR, Parole Interviewer D.O.C.; ANDREA GREEN; B. BULLOCK, Parolee's Supervisor; K. COSBY, Regional Abudsman,

       Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:24-cv-00120-MHL-MRC)

---

Submitted:  November 20, 2025            Decided:  November 25, 2025

---

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Damian Jackson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damian Jackson appeals the district court's orders granting Defendants' motion to dismiss, dismissing Jackson's 42 U.S.C. § 1983 complaint, and denying Jackson's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. We have reviewed the record and discern no reversible error in the district court's conclusion that Jackson's due process claim related to his entitlement to annual parole review failed to state a claim to relief or in the court's denial of his motions for the appointment of counsel.

While Va. Code Ann. § 53.1-154 provides that the Virginia Parole Board should review an inmate's eligibility for parole at least annually, the right to annual parole review "is a procedural function of Virginia's parole scheme rather than a substantive right unto itself"; thus, "the Constitution does not afford that 'right' any protection under the Due Process Clause." *Hill v. Jackson*, 64 F.3d 163, 171 (4th Cir. 1995). Further, in prior challenges to Virginia's parole scheme, we have held that "at most, parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (citation modified). The Virginia Parole Board satisfied due process by sending Jackson two letters explaining why it denied him parole. Thus, there was no due process violation upon which Jackson could state a claim. Lastly, because there is no right to counsel in civil actions, we conclude that the district court did not err in denying his motions to appoint counsel. *See, e.g.*, *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 242 (4th Cir. 2020).

Accordingly, we grant Jackson's motion to amend, construed as a motion to file a supplemental informal brief, and affirm the district court's orders. *Jackson v. West*, No.

2

3:24-cv-00120-MHL-MRC (E.D. Va. Mar. 6, 2025; May 13, 2025).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*