# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**
July 20, 2017

Lyle W. Cayce
Clerk

No. 17-50080
Summary Calendar

UNITED STATES OF AMERICA, EX REL, JAMES BROOKS,

Plaintiff-Appellant

v.

JEFFERY ORMSBY; 30 JOHN/JANE DOES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

WIENER, Circuit Judge.

Plaintiff-Appellant, James Brooks, a non-lawyer proceeding *pro se*, filed this False Claims Act suit against Defendants-Appellees, in his capacity of relator for the United States. The United States declined to intervene as a "party," leaving it as "a real party in interest."

The district court dismissed this action without prejudice after giving Brooks, a federal prisoner, time to obtain representation by a duly licensed and qualified attorney to prosecute this case. The court did so because, even though Brooks could represent himself *pro se*, he could not do so for the benefit of the United States, a non-party for whom he is merely the relator.

Brooks asserts on appeal, as he did in the district court, that he is entitled to bring this *qui tam* action as relator of the United States and to do

No. 17-50080

so *pro se*, just as he could any other action on his own behalf.  Brooks relies primarily on *U.S. ex rel, Eisenstein v. New York*, 556 U.S. 298 (2009).

We have carefully considered the positions of the parties as set forth in their appellate briefs and their record excerpts, including the district court's orders of October 6 and November 14, 2016, and January 6, 2017, and we are convinced beyond cavil that the district court got it right.  As this is a matter of first impression in this court, we echo the holding of the district court that, regardless of the right of anyone to represent himself *pro se*, he is not representing himself when he brings an action solely as relator for another non-intervening party, including the United States, and therefore cannot do so *pro se*.  The January 6, 2017 Order of the district court dismissing this action for failure properly to prosecute it and to comply with the orders of that court − principally its order to obtain representation by a licensed attorney authorized to represent the United States as a true party in interest in this lawsuit − is, in all respects,

AFFIRMED.