**No. 24-7134**                                    **September Term, 2024**

**1:23-cv-03467-CJN**

**Filed On: February 4, 2025**

United States of America, ex rel. Danilo
Augusto Feliciano,

  and

Danilo Augusto Feliciano,

       Appellant

    v.

Robert Kyle Ardoin, Louisiana Secretary of
State, et al.,

       Appellees

-----------------------------

United States of America,
       Intervenor

**BEFORE:**    Millett, Wilkins, and Rao, Circuit Judges

**O R D E R**

Upon consideration of the motion for summary affirmance, the response thereto, the reply, the filing styled as a motion for summary judgment, which has been construed as a surreply, and appellant's opening brief, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

The district court correctly dismissed appellant's claims alleging violations of the False Claims Act, 31 U.S.C. §§ 3729 et seq., because he was proceeding pro se. Claims under the False Claims Act "belong to the government," not the relator. U.S. ex rel. Lovern v. Deutsche Bank Tr. Co. Americas, No. 14-7186, 2015 WL 2226230, at *1 (D.C. Cir. May 6, 2015) (citing Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 773-74 & n.4 (2000)). While parties may conduct "their own cases" pro se, 28

U.S.C. § 1654, a non-attorney "cannot appear [pro se] and seek to represent others," Collins v. O'Brien, 208 F.2d 44, 45 (D.C. Cir. 1953); cf. Georgiades v. Martin-Trigona, 729 F.2d 831, 834 (D.C. Cir. 1984) (holding that non-attorney could "appear pro se but [was] not qualified to appear . . . as counsel for others").   Because a False Claims Act relator pursues the government's claims rather than the relator's own claims, this rule precludes relators from proceeding pro se.

The False Claims Act contains no exception to that background rule.   On the contrary, the "relator in a [False Claims Act] action needs qualified legal counsel to ensure that the real party at interest, the United States, is adequately represented." U.S. ex rel. Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 16 (D.D.C. 2003).   Indeed, permitting a relator to proceed pro se would risk binding the government to an adverse judgment that might be avoided with the aid of competent counsel.   See Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 244 (4th Cir. 2020).   And because only one person may bring a qui tam action under the False Claims Act based on a particular set of underlying facts, see 31 U.S.C. § 3730(b)(5), allowing a relator to proceed pro se could prevent another "better-equipped" party from pursuing the claim. Wojcicki, 947 F.3d at 244.

For these reasons, we join every other court of appeals to have addressed the question in holding that relator claims under the False Claims Act cannot proceed pro se.   See Wojcicki, 947 F.3d at 244-45; U.S. ex rel. Brooks v. Ormsby, 869 F.3d 356, 357 (5th Cir. 2017); U.S. ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 92-94 (2d Cir. 2008); Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008); Stoner v. Santa Clara Cnty. Off. of Educ., 502 F.3d 1116, 1125-28 (9th Cir. 2007); U.S. ex rel. Lu v. Ou, 368 F.3d 773, 775-76 (7th Cir. 2004); United States v. Onan, 190 F.2d 1, 6 (8th Cir. 1951).

The district court also correctly dismissed appellant's claims alleging violations of 52 U.S.C. § 20701 and 18 U.S.C. § 1001.   Appellant does not argue that there is a private right of action under either of those criminal-law provisions, and he instead maintains that he seeks to bring these claims as a "private attorney general."   Appellant fails, however, to identify any authority under which individuals may assert claims on the public's behalf for alleged violations of those statutes.   Finally, appellant is incorrect in arguing that he is entitled to judgment in his favor based on the fact that the United States has not filed a brief.   See United States v. Jenkins, 50 F.4th 1185, 1203 (D.C. Cir. 2022); see also Fed. R. App. P. 31(c).

The Clerk is directed to publish this order.   The Clerk is further directed to withhold issuance of the mandate herein until seven days after resolution of any timely

petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk