**No. 25-7211**    **September Term, 2025**

**1:25-cv-00866-AHA**

**Filed On:** June 26, 2026

United States of America, ex rel. Timothy V.
Shindelar; ex rel. Gregory Stenstrom; ex rel.
Christine I. Heitman; ex rel. Robert C.
Mancini,

 and

Timothy V. Shindelar, et al.,

      Appellants

   v.

Michael E. Horowitz, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Wilkins, Katsas, and Rao, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by appellants.  See Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing, the motion to
correct the record; the motion to vacate; the Rule 28(j) letter; and the notice, it is

**ORDERED** that the motion to correct the record be denied.  Appellants fail to
show that any document constituting part of the record on appeal was omitted by error
or accident.  See Fed. R. App. P. 10(a), (e).  It is

**FURTHER ORDERED** that the motion to vacate be denied.  A notice of appeal
filed while a timely motion under Federal Rule of Civil Procedure 59 is pending does not
become effective until the district court disposes of the motion and thus does not divest
the district court of jurisdiction to rule on the motion.  See Griggs v. Provident Consumer
Disc. Co., 459 U.S. 56, 61 (1982).  Indeed, the Federal Rules of Appellate Procedure

expressly contemplate that the district court will rule on such a timely motion after a notice of appeal is filed.  See Fed. R. App. P. 4(a)(4)(B).  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders entered November 6, 2025 and December 3, 2025 be affirmed.  First, appellants do not raise any argument in their brief regarding the district court's December 3, 2025 minute order denying reconsideration and thus have forfeited any challenge to that order.  See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").  As for the district court's dismissal order entered November 6, 2025, the district court properly dismissed appellants' complaint for failure to comply with Federal Rule of Civil Procedure 8(a).  See Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  And it correctly dismissed appellants' relator claims under the False Claims Act, 31 U.S.C. § 3729 et seq., because such claims "cannot proceed pro se."  U.S. ex rel. Feliciano v. Ardoin, 127 F.4th 382, 383-84 (D.C. Cir. 2025).  Appellants' arguments that the district court misapplied the pleading standards under Federal Rules of Civil Procedure 12(b)(6) and 9(b) are inapposite because the district court did not invoke those rules as a basis for dismissal.  Appellants' argument that the district court failed to consider the attachments to the complaint is belied by the record, and, in any event, appellants fail to show that incorporating over 400 pages of attachments into their complaint provides the requisite "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2); see Twombly, 550 U.S. at 555 (explaining that the requirement serves to give the defendant "fair notice of what the claim is and the grounds upon which it rests" (citation and internal marks omitted)).  In addition, appellants fail to show that the district court was required to conduct any inquiry with respect to their relator claims beyond the threshold determination that the claims could not proceed pro se.  Although appellants contend that the district court should have given them an opportunity to brief certain issues, obtain counsel, or amend the complaint before dismissing, they did not seek leave to amend in district court, and, in any event, the district court did not abuse its discretion by dismissing without prejudice, which leaves appellants free to correct the identified defects and file a new lawsuit.  See Ciralsky v. CIA, 355 F.3d 661, 671 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk